J-S33041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES WISE :
:
Appellant : No. 2971 EDA 2019

Appeal from the Judgment of Sentence Entered September 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006968-2018

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: Filed: July 30, 2020

Appellant James Wise appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant pled guilty to Attempted Murder, Aggravated Assault, and Carrying a Firearm Without a License.[1] Appellant claims the trial court erred in refusing to grant his post-sentence motion to withdraw his guilty plea. We affirm.

Appellant was arrested and charged with multiple offenses in connection with the September 18, 2016 shooting of four individuals in the parking lot of a night club on Castor Avenue in Philadelphia. Two of the victims sustained serious bodily injury and required extensive medical care.

On September 10, 2019, Appellant entered a negotiated guilty plea to two counts each of Attempted Murder and Aggravated Assault as well as one

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 901, 2701, and 6106, respectively.

count of Carrying a Firearm Without a License. In exchange for this plea, the Commonwealth agreed to recommend that the trial court sentence Appellant to an aggregate term of 12½ to 25 years' imprisonment and to drop the remaining charges. After Appellant completed both oral and written colloquies reflecting that he understood and agreed to the plea agreement, the trial court sentenced Appellant according to the terms of parties' agreement.

On September 18, 2019, Appellant filed a post-sentence motion, asking the trial court to allow him to withdraw his guilty plea on the basis that his "his guilty plea was the product of duress and undue coercion." Post-Sentence Motion, 9/18/19, at 1. On September 20, 2019, the trial court denied this motion. On October 10, 2019, Appellant filed this appeal and subsequently complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

I.    Whether the trial court erred in not allowing Appellant to withdraw his guilty plea where he was not informed adequately of the nature of the charges pending against him during the lower[] court's colloquy?

II.   Whether the trial court erred in not allowing Appellant to withdraw his guilty plea where the circumstances of Appellant's plea warranted the pre-sentence standard for withdrawing a guilty plea?

Appellant's Brief, at 5.

In reviewing Appellant's claim that the trial court erred in refusing to allow him to withdraw his guilty plea, we are guided by the following principles:

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotation omitted); *see Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009) (noting that we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010). Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011). In *Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014), *impliedly overruled on other grounds by Commonwealth v. Hvizda*, 632 Pa. 3, 116 A.3d 1103, 1106 (2015), we explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." *Prendes*, 97 A.3d at 352 (citation omitted). Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002).

"Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances **\*665** surrounding the plea. *Id.* "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Id.*

*Commonwealth v. Hart*, 174 A.3d 660, 664–65 (Pa.Super. 2017).

We are also mindful that:

[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *Commonwealth v. Tareila,* 895 A.2d

1266, 1270 n. 3 (Pa.Super.2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court.

> Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa.Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

*Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa.Super. 2013).

In this case, Appellant initially argued in his post-sentence motion that he should be allowed to withdraw his guilty plea, which was the "product of duress and undue coercion." Post-Sentence Motion, 9/18/19, at 1. The trial

court denied Appellant's motion without a hearing, finding there was no evidence to support Appellant's bald claim of duress and coercion.

On appeal, Appellant does not argue that he was coerced into entering his plea, but alleges for the first time that he was not adequately advised of the charges filed against him and the penalties he faced for each charge. As this legal theory was not raised before the trial court in Appellant's post-sentence motion and the trial court had no opportunity to address this claim of error, Appellant has not properly preserved this argument for our review.

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/20